REUBEN D. NATHAN, State Bar No. 208436
**NATHAN & ASSOCIATES, APC**
2901 W. Coast Hwy. Suite #200
Newport, CA 92663
Telephone: (949) 270-2798
Email: rnathan@nathanlawpractice.com

Attorneys for Plaintiff, MICHAEL RIGHETTI, individually, and on behalf of others similarly situated

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL RIGHETTI, on behalf of himself and all similarly situated persons,<br><br>Plaintiff,<br><br>vs.<br><br>FLYWHEEL SPORTS, INC., and DOES 1-10 inclusive,<br><br>Defendants. | Case No.:<br><br>CLASS ACTION<br><br>**COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**<br><br>**DEMAND FOR JURY TRIAL** |

1

**CLASS ACTION COMPLAINT**

Plaintiff, MICHAEL RIGHETTI ("Plaintiff"), a San Francisco County, California resident, brings this action on behalf of himself and the alleged class of persons similarly situated against Defendant FLYWHEEL SPORTS, INC. and other unknown Defendants whose involvement in the alleged acts complained of herein will be the subject of immediate discovery ("Defendants") for violations of the Telephone Consumer Protection Act ("TCPA"). Plaintiff brings this action as a class action against Defendant pursuant to Rule 23 of the Federal Rules of Civil Procedures, to stop Defendant's practice of sending unsolicited text messages to the cellular telephones of consumers nationwide and to obtain redress for all persons injured by Defendant's conduct.

## NATURE OF THE ACTION

1. Plaintiff brings this action individually and on behalf of all others similarly situated, for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 and its implementing regulations, 47 C.F.R. § 64.1200, *et seq.*, prohibit companies, such as Defendant, from sending SMS messages using an automatic telephone dialing system ("ATDS") to cellular telephones without first obtaining prior express written consent. In this case, Defendants have violated, and continues to violate, the TCPA and its regulations by placing SMS messages to cellular phone subscribers who have not provided prior express written consent to receive such text messages.

## JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. This Court also has jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332, because each of the alleged Classes consists of over 100 persons, there is minimal diversity, and the claims of the class members when aggregated together exceeds $5 million. Further,

none of the exceptions to CAFA apply.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as a substantial portion the events or omissions giving rise to the claims occurred here, and Defendant has its headquarters here.

4. Plaintiff is a natural person residing in the City and County of San Francisco, which is located within the Northern District of California.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant is a for profit corporation. In 2010, Defendant, Flywheel Sports, Inc.'s opened its doors in 2010 and currently operates in approximately 20 designated areas across the United States. Defendant operates an in indoor cycling workout for its customers.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39)

8. Defendant acted through its agents, employees, officers, members, volunteers, staffers, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## CLASS ALLEGATIONS

9. Plaintiffs bring this claim on behalf of the following class, pursuant to Fed. 23(b)(2) and Rule 23(b)(3) on behalf of herself and the Class as defined as follows:

10. **Class:** All persons in the United States who (1) from the date four years prior to the filing of this Complaint through the date notice is sent to the Class; (2) received at least one text message from Defendant, or a third person acting on behalf of Defendant; (3) on the person's cellular/mobile telephone; (4) for the purpose of marketing, promoting, and selling its indoor cycling services; (5) while using an automatic telephone dialing system; and (6) for whom Defendant failed to obtain prior express written permission or consent to send text messages to their cellular/mobile telephones.

11. The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assignees of any such excluded persons. Plaintiff anticipates the need to amend the class definition following appropriate discovery.

    **a) Numerosity:** The exact number of members within the Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant has placed text messages to thousands of consumers who fall into the defined Class. The exact number of members of the Class can only be identified through Defendant's records.

    **b) Typicality:** Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the members of the Class sustained damages arising out of Defendant's uniform wrongful conduct.

    **c) Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions. Plaintiff and her counsel have no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

    **d) Commonality and Predominance:** There are several questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to, the following:

        (a)    Whether Defendant's conduct violated the TCPA;

      (b)    Whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct;

      (c)    Whether Defendant systematically sent text messages to consumers absent prior express written consent; and

      (d)    Whether Defendant sent the text messages using an automatic telephone dialing system.

12. **Conduct Similar Towards All Class Members:** By committing the acts set forth in this pleading, Defendant has acted or refused to act on grounds substantially similar towards all members of the Class so as to render final injunctive relief and corresponding declaratory relief appropriate so as to warrant certification under Rule 23(b)(2).

13. **Superiority & Manageability:** This case is also appropriate for class certification under Rule 23(b)(3) because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. Joinder of all parties is impracticable, and the damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured. Also, there are no pending governmental actions against Defendant for the same conduct.

14. The identities of all class members are readily ascertainable from the records of Defendants.

15. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's sending of text messages using an automated telephone dialing system to cellular phones of California residents without their permission violates 47 U.S.C. §§227 et seq.

16. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

17. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## JURISDICTION AND VENUE

19. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

20. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as a substantial portion the events or omissions giving rise to the claims occurred here, and Defendant

owns and operates at least one retail service location in the Northern District of California.

21. Plaintiff is a natural person residing in the City and County of San Francisco, which is located within the Northern District of California.

22. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

23. Defendant is an incorporated entity that owns and operates cycling studios nationwide, including but not limited to at least three locations in the Northern District of California according to its website, www.flywheelsports.com.

24. Defendant is a "person" as defined by 47 U.S.C. §153(39)

25. Defendant acted through its agents, employees, officers, members, volunteers, staffers, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTUAL ALLEGATIONS

26. In 2018, Plaintiff received a text message to his cellular phone, (510) XXX-2963 from Defendant showing that the text came from number 645-20.

27. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -2963. Plaintiff is and always has been financially responsible for the cellular phone and its services.

28. Plaintiff received at least two text messages from Defendant from phone number 645-20. Plaintiff received the first unauthorized text message on Nov. 21, 2018 at 11:03 a.m. Plaintiff received the second unauthorized text message on Nov. 27, 2018 at 10:52 a.m.

29. After Plaintiff received the second unauthorized text message, he replied STOP, and then Plaintiff received a third unauthorized text message that read "You have unsubscribed and will no longer receive messages from Flywheel."

30. Defendant knew Plaintiff's phone number was a cellular telephone phone number before Defendant sent text messages to Plaintiff's phone.

31. Defendant never had permission to text or call Plaintiff's cellular phone.

32. Defendant used an automated phone dialing system to text message Plaintiff's cellular telephone.

33. Defendant sent prerecorded text messages for Plaintiff on Plaintiff's cellular telephone.

34. The telephone dialing system used to text Plaintiff has the capacity to store telephone numbers.

35. The telephone dialing system used to text Plaintiff has the capacity to call or text telephone numbers automatically.

36. The telephone dialer system Defendant used to text Plaintiff's cellular telephone has the capacity to call or text stored telephone numbers without human intervention.

37. The telephone dialer system Defendant used to text Plaintiff's cellular telephone has the capacity to text telephone numbers in sequential order.

38. The telephone dialer system Defendant used to text Plaintiff's cellular telephone has the capacity to call telephone numbers randomly.

39. The telephone dialer system Defendant used to text Plaintiff's cellular telephone selects telephone numbers to be called according to a protocol or strategy entered by Defendant.

40. The telephone dialer system Defendant used to text Plaintiff's cellular telephone simultaneously calls or texts multiple persons.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

41. Plaintiff re-alleges and incorporates by reference paragraphs in this complaint as though fully set forth herein.

42. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling or text messaging persons on their cellular phone using an automatic telephone dialing system

("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

43. In the case 9th Circuit case of *Marks v Crunch San Diego*, LLC the Court held:

> The U.S. Court of Appeals for the Ninth Circuit rejects the argument that a device cannot qualify as an automatic telephone dialing system unless it is fully automatic, meaning that it must operate without any human intervention whatsoever. By referring to the relevant device as an "automatic telephone dialing system," Congress made clear that it was targeting equipment that could engage in automatic dialing, rather than equipment that operated without any human oversight or control. 47 U.S.C.S. § 227(a)(1).

*Marks v. Crunch San Diego*, LLC, No. 14-56834, 2018 U.S. App. LEXIS 26883, at *1 (9th Cir. 2018).

44. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The text messages were pre-recorded with similar to identical formatting. None of the phone numbers had the ability to receive a return phone call. This points to the use of an ATDS.

45. Defendant violated the TCPA by sending at least 3 text messages to Plaintiff's cellular phone using an ATDS without his consent.

46. The texts placed by Defendant to Plaintiff were for marketing purposes to promote Flywheel cycling classes, not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

47. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

**WHEREFORE**, Plaintiff, MICHAEL RIGHETTI, individually and on behalf of all others similarly situated, demands judgment from Defendant FLYWHEEL SPORTS, INC., as follows:

    a. Declaring that this action is properly maintained as a Class Action and certifying Plaintiff as Class representative, and Reuben Nathan, Esq. as Class Counsel;

    b. Award Plaintiff and the Class statutory damages of at least $500.00 per phone call/text message and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

    c. Injunctive relief to stop Defendant from engaging in illegal conduct through the use of an automated dialing telephone system; and

    d. Awarding any other relief as this Honorable Court deems just and appropriate.

Respectfully submitted,

Dated: December 14, 2018                     **NATHAN & ASSOCIATES, APC**

                                            By:    /s/ Reuben Nathan
                                                             Attorneys for Plaintiff,
                                                             MICHAEL RIGHETTI